This is an appeal from a judgment rendered by the district court of Oklahoma county which reversed in part a decree entered in the county court of said county in a probate proceeding.
The uncontroverted facts essential to an understanding of the contentions here presented will be briefly related. Ned J. Milton and Cassie H. Milton, who for some years prior to November 4, 1925, were husband and wife, were divorced on said date by decree of the district court of Pushmataha county. Said parties subsequently moved to Oklahoma City, where on June 15, 1935, the said Cassie H. Milton departed this life leaving a last will and testament dated July 12, 1934, whereby her entire estate was devised to Josephine Keen, a sister-in-law of the deceased, and wherein the defendant in error here was named executor of her estate. When this will was offered for probate in the county court of Oklahoma county, Ned J. Milton appeared and sought to contest said will on the ground that he was the surviving spouse of the deceased, and therefore entitled to a distributive share in her estate. This claim was predicated upon his alleged cohabitation with the deceased prior to the effective date of the divorce decree and a subsequent common-law marriage between the claimant and the deceased. The county court held that the claim was one which properly should be presented and determined as an incident to the decree of distribution of the estate and reserved ruling thereon until that time. The will of Cassie H. Milton was admitted to probate and letters testamentary thereon issued to the defendant in error. The county court thereafter heard the said Ned J. Milton on his claim, but before any order or finding was made thereon the said Ned J. Milton departed this life testate. In his will, which was dated February 21, 1934. Ned J. Milton bequeathed $50 to his son and the residue of his estate to his ex-wife without naming her. This will was duly admitted to probate in the county court of Oklahoma county, and the plaintiff in error was appointed administratrix with the will annexed of said estate, and was thereafter substituted for Ned J. Milton as contestant in the proceeding pending in the estate of Cassie H. Milton, deceased. The county court thereafter entered a decree of distribution in the Cassie *Page 626 
H. Milton estate wherein one-half of said estate was ordered distributed to the estate of Ned J. Milton, deceased. The county court holding that the said Ned J. Milton was the surviving spouse of the said Cassie H. Milton, deceased, and that, since there were no children of said union, he was entitled to such share under the law of succession. The defendant in error took an appeal to the district court upon both questions of law and fact, and there a trial de novo was had to the court, a jury being expressly waived by both parties. In the trial in the district court the plaintiff in error assumed the position of plaintiff, the same as she had occupied in the county court, and sought to prove cohabitation between her decedent and Cassie H. Milton prior to the effective date of the divorce decree of November 4, 1925, and also to prove a subsequent common-law marriage between said parties, and requested the trial court to make certain specific findings of fact and conclusions of law. The trial court declined to find as requested, but made its own independent findings of fact as follows:
"This is an appeal from the county court of Oklahoma county. Cassie H. Milton died on June 15, 1935, in Oklahoma county, testate and without issue. Her will directed the payment of her debts and devised and bequeathed her property and the proceeds thereof to her sister-in-law, Josephine Keen. Ned J. Milton appeared and protested such distribution, alleging that he was her surviving spouse and as such entitled under the statute to one-half of her estate, and so elected. The county court found that at the time of her death Ned J. Milton was her common-law husband and ordered distribution accordingly and this appeal was taken.
"The undisputed evidence shows that the court finds that Cassie H. Milton and Ned J. Milton were married; that thereafter, and on January 6, 1920, they entered into a formal contract purporting to settle their property rights as such, and in the event of divorce proceedings. A divorce was granted to Cassie H. Milton from Ned J. Milton on November 4, 1925, in the district court of Pushmataha county at Antlers. This decree, though contested, was not appealed from and became final. It recites that there were no property rights involved, they having been previously settled by the parties.
"On October 22, 1926, Cassie H. Milton took title to certain realty in Oklahoma City. On December 21, 1926, Cassie H. Milton executed a formal will wherein she bequeathed $5,000 'To my husband, Ned J. Milton,' the same to be a general charge on her estate, giving all the rest of her estate, consisting of real and personal property, to her brother, Henry J. Keen, and appointing J.W. Stephens her executor. This will, prior to its introduction in evidence, had been torn lengthwise into three almost equal pieces and is now pasted together on heavy paper.
"On September 29, Cassie H. Milton took title in her name to certain Oklahoma City property. On December 10, 1927, she did likewise. She executed four separate real estate mortgages on certain property in Oklahoma City between December 12, 1927, and June 4, 1931, in each of which she represented herself and acknowledged the same as 'Cassie H. Milton, a widow.'
"She executed a will on July 12, 1934, and died June 15, 1935, at the age of approximately 64 years. Her will did not mention Ned J. Milton nor anyone as a husband. Ned J. Milton appeared and testified at a hearing held in the county court in July, 1935, claiming to be her surviving husband and contending that after the divorce on November 4, 1925, he and Cassie had contracted a valid common-law marriage, and furthermore had vitiated the divorce decree by resuming the relationship of husband and wife within the six months' period immediately following its rendition. No stenographic or other notes were made of his testimony.
"Ned J. Milton died testate on March 4, 1936, in Oklahoma county at the age of about 64 years. His will, which was duly admitted to probate, was dated February 21, 1934, and it bequeathed $50 to his son, R.H. Milton, and recited 'To my ex-wife, I leave everything I have.' Luella K. Johnson was appointed administratrix with will annexed of this will, and has been substituted herein as such for Ned J. Milton, deceased.
"The oral testimony as to the character and nature of the relationship of these persons after their divorce in November, 1925, is in hopeless conflict, and no endeavor will be made to set out in detail all of the evidentiary facts revealed by it. However, the preponderance of the evidence in the case establishes the following ultimate facts:
"1. Cassie H. Milton and Ned J. Milton, being husband and wife, were divorced absolutely November 4, 1925, in the district court of Pushmataha county, Oklahoma, and did not resume the marital relation during the six months' period following the date of the rendition of said decree.
"2. No general reputation existed either at Antlers or in Oklahoma City, after this divorce, that they were husband and wife, and cohabiting as such.
"3. Their cohabitation and relations after *Page 627 
the divorce, at most, were irregular and not matrimonial.
"4. Neither party intended to create a common-law marriage, and no contract was entered into between them out of which the marital relation could arise.
"5. Neither party, at the time of the making of their respective wills which have been admitted to probate, believed that they were, or that they occupied the relation of husband and wife.
"6. They were legally competent to contract and enter into the relationship of husband and wife after the date of the decree, but they did not do so, either formally or at common law.
"7. Cassie H. Milton was not the wife of Ned J. Milton at the time of her death.
"An exception is allowed to each of the above findings of the court. Draw your journal entry in accordance herewith."
Judgment was thereupon rendered in favor of the defendant in error and the decree of distribution theretofore made by the county court was reversed in so far as it awarded any part of Cassie H. Milton's estate to the Ned J. Milton estate. The administratrix of the Ned J. Milton estate has perfected an appeal to this court, and contends, first, that the defendant in error should have been required to assume the burden of proof in the trial court, and, second, that this court should review and weigh the evidence and reverse the findings and judgment of the trial court as being against the clear weight thereof.
In the proceeding before the county court the plaintiff in error was confronted with the necessity of overcoming the effect of the decree of divorce of November 4, 1925, and which upon its face was a bar to the claim of her decedent, and therefore occupied the position of plaintiff in said court both by reason of the fact that she had the affirmative of the issue presented and by virtue of the provisions of section 1101, O. S. 1931. When the cause was appealed to the district court on both questions of law and fact, the trial in said court had to be de novo under the provisions of section 1412, O. S. 1931. The alignment of the parties, therefore, remained the same as if no hearing had been had in the county court, and the burden of proof did not shift. The plaintiff in error apparently recognized this fact, for she appears to have voluntarily assumed the burden of proof in the district court. The defendant in error was merely denying the existence of any marriage relation between Ned J. Milton and Cassie H. Milton subsequent to November 4, 1925, and was not attacking the legality of a marriage which had been established. The decree of divorce dissolved the status which had formerly existed between Ned J. Milton and Cassie H. Milton, and therefore it was incumbent upon the plaintiff in error to show a re-establishment of such marital status before the defendant in error could assert any illegality therein. For this reason the cases of Hill v. Jones, 180 Okla. 330, 69 P.2d 324, and Mudd v. Perry, 108 Okla. 168, 235 P. 479, cited by the plaintiff in error, and which involves situations where the marital status had been established and the legality of the relation was attacked, have no application to the situation here presented. We are of the opinion that the plaintiff in error properly assumed the burden of proof in the trial court and has no valid ground of complaint with respect thereto.
The next contention of the plaintiff in error is to the effect that this court should not accept the findings of the trial court as conclusive, but should examine the record, weigh the evidence, and render judgment as in an equitable proceeding notwithstanding the fact that the action was treated by the parties as one at law in the court below.
Section 1412, O. S. 1931, provides:
"When the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties, and such an order must state distinctly and plainly the questions of fact to be tried."
It will thus be noted that the trial provided in the district court is, strictly speaking, neither one at law nor one in equity, but is a statutory proceeding partaking of some of the features of both, but more in the nature of a proceeding in equity than one at law. Where a trial has thus been had and an appeal from the judgment of the district court is prosecuted here, this court on review will examine the whole record and weigh the evidence in like manner as if the proceeding was an equitable one, but will not disturb the finding and *Page 628 
judgment of the district court unless they are against the clear weight of the evidence. In re Will of Son-se-gra,78 Okla. 213, 189 P. 865; Carson, Adm'r, v. Mills, 78 Okla. 214,189 P. 867; In re Klufa's Estate, 78 Okla. 13, 188 P. 331.
Plaintiff in error was seeking to prove the invalidity of the decree of divorce and also to prove a common-law marriage between Ned J. Milton and Cassie H. Milton. The evidence of the parties with reference to the relations existing between Ned J. Milton and Cassie H. Milton subsequent to their divorce in November, 1925, was in conflict in many respects, but it clearly discloses that as late as February 21, 1934, when Ned J. Milton made his last will and testament, he did not then consider himself married to anyone, since he made provision in his will for an ex-wife rather than any existing wife, although Cassie H. Milton was then living. This, in our opinion, outweighs all of the evidence respecting reputation and shows a clear absence of any matrimonial intent in any of the relations existing between the parties after their divorce. In addition to this, we find numerous other facts and circumstances reflected by the record which clearly lead to the conclusion that the parties never considered themselves married to each other after their divorce. After a careful examination of the entire record, we are of the opinion that the findings and conclusions reached by the district court are in all essentials correct and proper and find ample support in the evidence. In view of this conclusion, we deem it unnecessary to discuss the matter at greater length.
Judgment affirmed.
BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.