In re TROPE'S ESTATE.
TROPE v. TROPE, Adm'r.

No. 29906.    Feb. 3, 1942.

Rehearing Denied April 21, 1942.

*124 P. 2d 733.*

L. M. Gensman, C. G. Ozmun, and Russell G. Jones, all of Lawton, for plaintiff in error.

J. F. Thomas, J. H. Cline, and Ralph H. Cline, all of Lawton, for defendant in error.

PER CURIAM.    This is an appeal from a judgment of the district court of Comanche county which affirmed a judgment of the county court of said county rendered in a probate proceeding.

The essential facts as reflected by the record will be briefly stated. On May 5, 1939, Isaac Trope, a resident of Comanche county, departed this life intestate. On May 9, 1939, the defendant in error, Morris S. Trope, a brother of the deceased, and hereinafter referred to as petitioner, filed in the county court of said county a petition for letters of administration upon the estate of the deceased. On May 20, 1939, the plaintiff in error, hereinafter referred to as contestant, styling herself as Emma Lamb Trope, and claiming to be the surviving wife of the deceased, filed in said court her objections to the appointment of the petitioner as administrator of the estate of Isaac Trope, deceased, and her petition for the appointment of herself as administratrix of the estate of the deceased. The county court after hearing the evidence of the parties rendered judgment in favor of the petitioner and directed that letters of administration issue to him upon the estate of the deceased. The contestant thereupon prosecuted an appeal to the district court upon both questions of law and fact,

where the cause was tried de novo to the court over the objections and exceptions of contestant. Request for findings of fact and conclusions of law was duly made, and accordingly the trial court made findings of fact and drew conclusions of law which read as follows:

"Findings of Fact.

"After hearing all of the evidence in this case, and listening to argument of counsel, and being duly and fully advised in the premises and on consideration thereof, the court finds the facts to be as follows, to wit:

"(1)   That the deceased Isaac Trope and the contestant began a meretricious relation about the year 1911.

"(2)   That at said time the parties were competent to enter into a marriage relation.

"(3)   That from that time up to the time of his death said meretricious relation continued.

"(4)   That no agreement to enter into a marriage relation was ever entered into by said parties.

"(5)   That said parties did actually occupy the same apartments and rooms and bed, habitually, during said period above mentioned. That they probably lived together in such relations more, during said period, than they lived apart.

"(6)   That on a number of occasions both of them held themselves out to others as man and wife and that to some of their friends and acquaintances they had the reputation of being common law man and wife.

"(7)   That to others both of them held themselves out as single people and unmarried, and to some of their friends and acquaintances they had the reputation of being, each, single and unmarried.

"(8)   That by far the greater weight of evidence is to the effect that they were not man and wife.

"(9)   That all of the documentary evidence, made by either of the parties, with the probable exception of the claim of said Isaac Trope, deceased, for homestead exemption, which was introduced in evidence as exhibits E and F, is to the effect that the parties were not married.

"10.   That on the 11th day of February, 1935, both of said parties signed and executed an instrument which was introduced in evidence as exhibit 38, wherein they and each of them stated that their relation had been, from the beginning, to that day that of man and his housekeeper or servant and not that of man and wife.

"(11)   That such relations, that is, as man and housekeeper or servant, but none the less meretricious, continued from the date of said above-mentioned instrument until the death of said Isaac Trope.

"(12)   That the various statements and holdings out by both parties to others to the effect that they were man and wife were not in good faith, but were occasioned by either fear on their part or were efforts on their part to cover up said meretricious relation and to cause others to believe a common-law marriage existed, where, in fact, it did not.

"Conclusions of Law.

"(1)   It is therefore concluded, as a matter of law, that the petition of Emma Lamb Trope for appointment as administratrix should be and the same is denied and that the application of Morris S. Trope for appointment as administrator should be and is allowed, and his appointment as made by the county judge of Comanche county, Oklahoma, is hereby affirmed and approved.

"(2)   That no marriage relations ever existed between the said objector and Isaac Trope, deceased.

"(3)   Judgment is therefore rendered this date, December 23, 1939, in favor of the administrator, Morris S. Trope, and against the objector, Emma Lamb Trope, as per journal entry.

"To each of the findings of fact and conclusions of law the objector Emma Lamb Trope, objects and excepts.

"Done in Open Court this December 23, 1939. Toby Morris, District Judge."

In accordance with the findings so made and the conclusions of law so drawn, the court rendered judgment in

favor of the petitioner and affirmed the judgment of the county court. Motion for new trial was presented and overruled, and thereupon contestant prosecuted this appeal.

It is here urged, in substance, that the judgment of the trial court is one which is to be reviewed in the same manner as an equitable action, and when so reviewed, that the findings of fact and judgment of the court below should be held to be against the clear weight of the evidence.

The trial had in the district court was a statutory proceeding and the judgment there rendered is reviewable here in the same manner as a judgment rendered in an action of equitable cognizance. See In re Milton's Estate, 182 Okla. 625, 79 P. 2d 612. This being the situation, we start with the premise that the findings of the trial court are entitled to great weight (Moorman v. Pettit, 119 Okla. 22, 248 P. 838), and that the judgment of the court below is not to be reversed unless it is against the clear weight of the evidence. Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375.

The contestant predicated her right upon a claim of consensual or so-called common-law marriage between herself and the deceased Isaac Trope, and she had the burden of establishing proof of the essentials necessary to create such a status. In this jurisdiction it is the well-established rule that a consensual or so-called common-law marriage is a status to which a mutual consent is essential, consent being the threshold by which the status is reached, but which status is not attained until there has been a holding out by the parties of themselves as husband and wife and a public assumption of the relation. See In re Love Estate, 42 Okla. 478, 142 P. 305, L.R.A. 1915E, 109; Bothwell v. Way, 44 Okla. 555, 145 P. 350; Sanders v. Sanders, 67 Okla. 3, 168 P. 197; Mudd v. Perry, 108 Okla. 168, 235 P. 479; Cordilla v. Taylor, supra; and In re Miller's Estate, 182 Okla. 534, 78 P. 2d 819.

The evidence adduced at the trial was quite voluminous and is brought here in a case-made containing three sections and consisting of 1,124 pages. An examination of this entire record discloses that the evidence was conflicting in many respects. The contestant testified that she and the deceased, Isaac Trope, had entered into a mutual agreement in January, 1911, whereby they then and there agreed to be and become husband and wife, and in this she was corroborated by the testimony of a number of witnesses insofar as subsequent habit and reputation of the parties was concerned. On the other hand, we find that by acts and declarations of contestant, as well as those of the deceased, Isaac Trope, the existence of the relation is disputed, since it appears that on numerous occasions both parties denied that they had ever been married or that they were living as husband and wife, and the evidence conclusively shows that during all of the period which the parties resided together the contestant retained the name of Emma Lamb and was so listed in the telephone directory and carried her bank account and stock purchases in such name, and that even so late as 1935 the parties by written contract, made to settle certain differences which had arisen between them, therein solemnly declared that their relation was that of employer and employee and had been at all times and was never anything more. Further, it appears from the record that the deceased, Isaac Trope, conducted his business as a single man and executed deeds and other instruments and contracts in such capacity and claimed to be such in all tax returns filed by him. In other words, under all of the evidence, it appears that the testimony relative to habit and repute was to the effect that the reputation of the parties was a divided one. As said in the case of In re Miller's Estate, supra:

"Reputation that parties are living together as husband and wife constitutes circumstantial evidence that they are living together under a marriage contract (Horrigan v. Gibson, 87 Okla. 1, 206 P. 219), and general reputation in

such case is founded upon hearsay evidence, 22 C. J. 211, sec. 170. Reputed marital relationship in such case is established by, or arises from, the declarations of relatives, acquaintances, and others coming in contact with the parties. Linsey v. Jefferson, 68 Okla. 156, 172 P. 641. Of course, reputation may tend to negative the existence of a marriage contract, and such reputation may be shown by the hearsay declarations of parties coming in contact with the alleged married couple. This for the reason that reputation which, with cohabitation, constitutes circumstantial evidence of a marriage contract must be uniform and general and not substantially contradicted or divided. 38 C. J. 1321-1324, sec. 98; Fender v. Segro, 41 Okla. 318, 137 P. 103. The entry in the city directory as above set out, though hearsay, constituted a declaration tending to divide or negative the reputation that a marriage contract existed, and was competent. We agree with the statement of the Supreme Court of California in the case of Quackenbush v. Swortfinger, 68 P. 590, that 'The repute which, with cohabitation, will be proof of marriage, must be uniform and general, and not divided and singular, and cannot be established except by the open, undisguised, and undoubted acts of the parties which are visible to outsiders.' "

The evidence being such that it might be properly concluded therefrom that the relation of the contestant and the decedent, Isaac Trope, was purely a business one and any personal relations between the parties was illicit in their inception and meretricious throughout their continuance, it is impossible to say that the judgment of the trial court is against the clear weight of all of the evidence after an examination of the entire record. This being the situation, this court will not disturb the judgment below.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., dissents. BAYLESS, J., absent. RILEY, J., not participating.