MOORE v. MOORE et al., Adm'rs.

No. 30879. Sept. 28, 1943.

Rehearing Denied Oct. 26, 1943.

*142 P. 2d 122.*

T. J. McComb, of Oklahoma City, for plaintiff in error.

Jerome Sullivan, of Duncan, for defendants in error.

RILEY, J. Winnie Kyle, styling herself as Winnie Kyle Moore, sued Thomas F. Moore, since deceased, to establish as between herself and him a common-law relation of marriage and to dissolve that relation by divorce and to divide between them property of the estimated value of $150,000 as being acquired by their joint industry during coverture.

There was joined, without objection, an action sounding in tort for personal injuries alleged to have been sustained when defendant shoved plaintiff from a car. The damages for this were itemized as being $35 actual and $10,000 punitive.

The defendant answered by general denial, a plea of res adjudicata and estoppel, and judgment was rendered for defendant. Plaintiff appeals.

The undisputed evidence shows that plaintiff was divorced from a third person in 1928. Before that divorce decree was final the plaintiff, according to her own testimony, began living with defendant, under the following circumstances that are not shown to have developed any nearer a marital state:

"We had this agreement: Mr. Moore said he loved me and thought more of me than anybody in the world and we would go ahead and live together and when my six months was up on my divorce decree we would have a ceremonial marriage, and I studied it over a little while and told him that would be all right with me, we would go ahead and live together but I wanted the ceremonial marriage, and we started living together right then."

The defendant denied the promise.

In 1936 a judgment was rendered against plaintiff and favorable to defendant in an action brought by plaintiff for breach of promise to marry. According to the position of plaintiff, at that time no marriage relation between the parties existed. As to time subsequent, there is no evidence tending to show a contract or any other characteristic of marriage existing between the parties. The trial court found by a preponderance of the evidence that no marital relation existed between those parties, and the evidence amply supports that view. The trial court elected to believe the testimony of the defendant upon the cause of action for personal injuries, and that conclusion finds support in evidence of record. In re Trope's Estate, Trope v. Trope, Adm'r, 190 Okla. 453, 124 P. 2d 733.

Judgment affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.