MARTIN et al. v. SHERWOOD, Adm'r, et al.

No. 32028. Jan. 29, 1946.

Rehearing Denied Sept. 17, 1946.

*172 P. 2d 393.*

Glass & Chappell, of Nowata, and Wall & Green, of Sallisaw, for plaintiffs in error.

John F. Pendleton and L. C. Colter, both of Nowata, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court approving on appeal and trial de novo an order allowing the final account in the probate of the estate of Thomas Martin, deceased.

The appeal is by Louetta Martin, the widow of Thomas Martin. On the 5th day of June, 1943, Thomas Martin died intestate, leaving his widow, Louetta Martin, as a surviving heir. On June 7, 1943, K. K. Sherwood was appointed administrator. On January 5, 1944, K. K. Sherwood filed his final report. This final report, in effect, stated after the formal resume of appointment and qualification that immediately after his appointment he went to the home of Thomas Martin, deceased, and was informed by Georgia Fields that she was his surviving wife; that all of the property belonged to her but that she desired that the administrator take possession of the same, administer the estate, paying all of the debts of said Thomas Martin, deceased, the balance to be paid to her. The facts leading up to the filing of this report are as follows: Thomas Martin married Georgia Fields in 1929. They lived together as man and wife until they were separated by divorce some time after they were married in 1929. He thereafter married Louetta Martin. In 1940 he left his wife, Louetta Martin, in Sequoyah county and moved to Nowata county. He wrote to his former wife, Georgia Fields, that he wished she would come to him at his place near Nowata, and in answer to his request she moved from her home in Louisiana in the month of January, 1941, and lived with him at his home until his death on June 5, 1943. The property left at the home of Thomas Martin, deceased, and presumed to be his property consisted of livestock, farm machinery, household goods, and a farm tractor. The administrator took possession of the same, had the same inventoried and appraised and sold to pay the debts, most of which were secured by chattel mortgages. He then filed his final report and stated the alleged ownership of Georgia Fields and that the entire amount of the sale accumulated a fund of $2,968.06; that out of this fund the administrator had paid the debts of the estate to the amount of $2,561.67, paid the attorney for the estate and administrator for their services and delivered a check to Georgia Fields for $321.63. Louetta Martin filed her objection to the final account on January 15, 1944.

In the order allowing the final account the court allowed these items and found that there was no property left in the estate after the payment of the debts.

During the proceedings, and on the 20th day of December, 1943, Louetta Martin filed a petition to remove the administrator. In this petition she objected to the jurisdiction of the ocurt;

stated that she was the surviving wife of Thomas Martin, deceased, and asked for appointment as administratrix of his estate. By consent of all the parties it was agreed to let K. K. Sherwood stay in as administrator of the estate and fully administer said estate, paying all debts duly allowed against the estate, and during the proceedings both in the county court and on the trial de novo the attorney for Louetta Martin repeatedly stated that there would be no contest of any item presented and allowed by the administrator and no contest on the regularity of the proceedings; that the sole question presented to the court was whether Georgia Fields or Louetta Martin was to have the balance left after due administration. The county court found, and on trial de novo the district court affirmed the finding, that all of the property left at the home of Thomas Martin, deceased, was the personal property of Georgia Fields with the exception of the farm tractor; that the farm tractor was duly and properly sold for the sum of $300; that this sum was used and exhausted in the payment of the proper debts of Thomas Martin, deceased. It approved the payment of the above said amount to Georgia Fields as the portion remaining to her after the payment of said debts.

Louetta Martin, together with Dinah Askew, the mother of Thomas Martin who also filed a proceeding in intervention, have appealed and in 15 allegations of error present three general propositions. What is said hereafter regarding the allegations of error of Louetta Martin apply likewise to the presentation in the petition in error of the allegations of Dinah Askew. The brief is limited solely to the asserted right of Louetta Martin.

It is first contended that the trial court erred in finding that the property left at the home of Thomas Martin, deceased, was the personal property of Georgia Fields. There is not much to add to the above statement of facts relative to the situation which led to the abandonment of the wife in Sequoyah county, the subsequent living together of Georgia Fields and Thomas Martin, other than to state that there is ample evidence in the record to sustain the finding of the trial court and the finding of the county court, that in consideration for Georgia Fields coming and keeping house for Thomas Martin he made a complete gift during his lifetime of all of his personal property, with the exception of the tractor, to Georgia Fields. This court has repeatedly held that in a trial de novo on appeal from the order allowing the final account, the court will review all of the evidence and will sustain said finding unless it is against the clear weight of the evidence. In re Noel's Heirship, 156 Okla. 177, 10 P. 2d 259; Wise v. Cutchall, 171 Okla. 60, 41 P. 2d 864; In re Trope's Estate, 190 Okla. 453, 124 **P. 2d 733.**

We are of the opinion, and hold, that the finding of the trial court that the personal property was given to Georgia Fields for good and valid consideration is not against the clear weight of the evidence.

It is next argued that the court erred in allowing the administrator to amend the inventory and appraisement made in this proceeding. We assume that this question is duly presented. We are inclined to the view that by consenting to the administration of K. K. Sherwood and accepting all claims as duly presented the petitioner makes any objection to the due proceedings in the administration too late. However, this court is in accord with the general holdings of most of the courts to the effect that during the proceedings of the probate of an estate the court, upon the motion of the administrator or any other person properly affected, has the right to amend the inventory and appraisement. The amendment objected to was the striking of the statement that all of the personal property contained in the inventory and appraisement belonged to Thomas Martin, and the statement to accord with the final report of the ad-

ministrator to the effect that it was the personal property of Georgia Fields subject to the debts of the estate. As a general rule an inventory may not be impeached by a collateral attack. Plaintiff cites and relies upon Pennington v. Newman, 36 Okla. 594, 129 P. 693, to this effect. By an analysis of the fact situation in that case it will be seen that it was not a proceeding during the probate of the estate and the rule therein announced is not applicable. An inventory and appraisement filed by an administrator is only prima facie evidence that the administrator had received the property therein named. In Stewart's Estate, 137 Pa. 175, 20 Atl. 554; 33 C. J. S., § 138; 11 R. C. L. 106, 108.

We are of the opinion, and hold, that under the facts and circumstances of this case where the parties consented that K. K. Sherwood should complete the administration of the estate and allow and pay all claims of Thomas Martin, deceased, out of the property on hand, and where it was well known to all the parties, including Louetta Martin, during all of the proceedings, that the sole issue was whether the property was the property of Georgia Fields or the property of the heirs of Thomas Martin, deceased, the trial court did not err in allowing the amendment of the inventory and appraisement.

The third and final allegation of error deals with the objection to the account. Certain items are set out and specifically objected to, among them three notes in the sum of $112, $151.22, and $66.50, respectively, which were paid in the course of the administration. The argument is made that these payments are premature. Under the specific agreement made by the administrator and the parties otherwise interested in this administration, all of the proceedings of sales and the payments were approved and consented to without objection. We are of the opinion, and hold, that the issue of the correctness of these claims was long ago abandoned and cannot be presented in an objection to the account which is raised for the first time in the brief of the parties. There is no evidence pointed out in the record of the county court or on trial de novo in the district court attacking any of these items as improperly allowed. Why the petitioner brings them in at this stage of the proceeding in the argument in the brief is unexplained. The objection to these payments as made are without substantial merit. Nowhere in the objection to the account as presented by the petitioner originally or upon the trial de novo are these items listed or suggested as improper charges.

In this final allegation petitioner also contested the attorney's fee and the fee of the administrator. It is admitted and not contested that the administrator and his attorney have conducted all of the proceedings and accounted for all of the money received. By consent of all of the parties to this proceeding he was allowed to remain in as administrator and to complete the administration of the estate. The law is clear that he is entitled to his fee. It is not even asserted or suggested that either he or his attorney has asked for an excessive fee. The assertion in the brief of the petitioner at this late date that he represented Georgia Fields and not the estate is contrary to the consent and agreement of the parties that he and his attorney are representing the estate, the creditors, and all other parties interested therein.

The above analysis substantially disposes of all of the claims presented in the 15 allegations of error by Louetta Martin, and as above stated likewise applies to Dinah Askew.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.