STARNER et al. v. OKLAHOMA CITY et al.

No. 34497.   Oct. 9, 1951.

*236 P. 2d 479.*

Gilliland, Withington & Shirk, Oklahoma City, by George H. Shirk, Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, Oklahoma City, for defendants in error.

BINGAMAN, J.   This action was brought by plaintiffs, Roy W. Starner and Mollie Starner, against the city of Oklahoma City and Harlan E. Chase, city engineer, to enjoin further proceedings in the establishment of a limited access facility in Oklahoma City.   The trial court sustained a general demurrer to the petition of the plaintiffs, and plaintiffs appeal.

The petition alleges that on October 25, 1949, the city council of Oklahoma City adopted a resolution purporting to establish a limited access facility on East or Eastern avenue from its intersection with Northeast Fourth street to its intersection with Northeast Twenty-Third street, and that by the resolution the defendant Harlan E. Chase was directed to prepare plans, profiles, specifications and estimates of the probable cost of said improvement.   It further alleges that the resolution determined that the improvement would be a local benefit, the payment therefor to be assessed against a district comprising an area one-half mile east and one-half mile west of said improvement, and that plaintiffs are the owners of property within said district.

The petition attacks the establishing resolution on the ground: (a) That the designation of that portion of Eastern avenue as a limited access facility is arbitrary and capricious, and that the city council may not designate only a part of the street as a limited access facility; (b) that the project contemplated the acquisition of private property as a site for the improvements, the cost of which would be paid by the special assessments levied on the improvement district, which would constitute an unlawful, unauthorized and improper levy of assessments; (c) that the levying of assessments for local benefits, on all property within one-half mile east and west of the improvement, is arbitrary and capricious, and unconstitutional and void, and (d) that the creation of such a district, by resolution, is unconstitutional.

In a companion case, Holt v. Board of Commissioners of Oklahoma County, 205 Okla. 178, 236 P. 2d 476, we pointed out that an attack upon the necessity for the improvement, and whether it was of local benefit to the property included in the improvement district, could only be made after the necessity resolution specified in 69 O. S. Supp. 1949 §11.9 had been adopted, and that such action must then be brought within the time provided in section 11.10. It follows that questions involving the right to establish the limited access facility as such, the necessity therefor, and whether it will be a local improvement, as contemplated by art. 10, §7, of our Constitution, could only be raised by an action brought after the necessity resolution had been adopted. The reason for this is clearly apparent. Section 11.9, providing for the adoption of such resolution after the plans and specifications have been prepared and filed, provides that the filing of a written protest against the improvement by the owners of more than one-half in area of the land liable for assessment will stay further action by the governing body for a period of six months. If, in the instant case, such protest should be filed, further action on the improvement would be stayed for the next six months, and it might be abandoned by the city authorities, so that the determination of questions as to its necessity, feasibility and benefit to the property owners would be rendered unnecessary.

Since the petition did not allege that the resolution of necessity provided for in section 11.9 had been adopted, it failed to state facts sufficient to constitute a cause of action.

Plaintiffs urge various constitutional objections to the law itself, as well as to the action of the city council, but for the reasons pointed out above, we deem it unnecessary to pass upon them at this time. It is a well settled rule that the mere allegation of the invalidity of a statute is not sufficient to warrant the application to its operation of the remedy of injunction. The rule is thus stated in 28 Am. Jur. p. 369, §182:

"The usual ground for asking injunctive relief against the enforcement of statutes is their invalidity, but that, of itself, is not sufficient to warrant the exercise by equity of its extraordinary injunctive power. In other words, the mere fact that a statute is alleged to be unconstitutional or invalid will not entitle a party to have its enforcement enjoined. Further circumstances must appear bringing the case under some recognized head of equity jurisdiction and presenting some actual or threatened and irreparable injury to complainant's rights for which there is no adequate legal remedy."

Numerous authorities are cited in support of the above statement. To the same effect is 43 C. J. S. p. 650, §119. We have followed this rule in numerous cases. See Black v. Geissler, 58 Okla. 335, 159 P. 1124; Shinn v. Oklahoma City, 184 Okla. 236, 87 P. 2d 136.

The objections urged by plaintiffs could only become material in case no protest was filed when the resolution of necessity was published, or, if a protest was filed, that the same should be denied. The trial court did not err in sustaining the general demurrer.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.