Manuel RATH d/b/a Manuel Rath Auto Salvage, Plaintiff in Error,

v.

Tom MANESS who sues by and through his father and next friend, George Cochran and George Cochran, individually, Defendant in Error.

No. 42596.

Supreme Court of Oklahoma.

June 9, 1970.

Keith R. Treadway, Oklahoma City, for plaintiff in error.

Philip Holmes, Oklahoma City, for defendant in error.

DAVISON, Justice.

Manuel Rath (defendant in trial court) appeals from an order made pursuant to 12 O.S.Supp.1965, § 850, wherein he was ordered to pay $5.00 per week to apply on a judgment rendered against him and in favor of Tom Maness (plaintiff) for $985.00 and costs. The parties will be referred to by their trial court designation.

After rendition of the judgment the plaintiff proceeded under 12 O.S.Supp. 1965, § 850, and procured a court order directing defendant to appear and answer concerning his property. The order directed defendant to bring his records relative to his income, bank statements, real estate, automobiles, etc., including records of any property he owned or that was held in trust for him. Defendant brought only some receipts reflecting some payments of child support.

Defendant's testimony and some divorce records revealed that at least since 1956 he had operated Manuel Rath Auto Salvage, but stated that about two years prior to the hearing he had sold out to Doyle-Jones Salvage, Inc., for the sole consideration of a job as manager, with the business being continued under its former name. It appears from his testimony that he operates the business with little assistance and accounts to the accountant for the new owner. He stated he had no automobile and that he used a company car or pickup.

The record discloses that in April, 1956, a divorce was granted to defendant's then wife, and a division was made of property of unstated value, with defendant being awarded his salvage yard and the parties' interest in a tract of about 2 acres. Defendant was ordered to pay $45.00 per month child support for his son.

The record discloses that in January, 1959, a bastardy proceeding judgment was rendered against defendant directing him to pay $30.00 per month for the support of the child therein named.

In December, 1962, a decree of divorce was granted to defendant's then wife, wherein he was ordered to pay $100.00 per month for the support of his two minor children. A division of two real estate properties of unstated value was made, and defendant was awarded all of the parties' interest in the salvage business at two locations in Oklahoma City.

Defendant further testified that "I am single, but—" that he was living with and maintaining a home for a woman and her two children, and that the expense of rent, groceries, utilities, medicine and drugs, and clothing and cleaning, came to a total of $270.00. Defendant stated he had no receipts for these claimed expend'tures. Regarding the above relationship, his attorney asked, "Since that time, have I advised you apparently have a common law arrangement with this woman." Defendant answered "Yes."

The receipts and defendant's testimony indicate defendant was current on the payments due in the bastardy matter and was behind one installment on the $100.00 support order.

Defendant stated he had no record of his income, that he made on an average, "About a hundred a week," and when asked, "Can you pay $25.00 a month on this judgment if the court so ordered it?" answered, "I don't know."

As stated the trial court ordered defendant to pay $5.00 per week on the judgment. Defendant perfected an immediate and direct appeal from this order.

Title 12 O.S.Supp.1965, § 850, provides in part that the court may order the judgment debtor to pay on the judgment in installments, such portion of his nonexempt income, however or wherever earned or acquired, as the court may deem proper after due regard for any payments required to be made by the judgment debtor by virtue of law or prior order of a court or under wage assignments outstanding. It further provides that the court may, from time to time, modify the order on the application of either party, and that a failure or neglect to comply with the order, shall be punished as for contempt.

Defendant contends that the trial court abused its discretion in entering the above order because the evidence does not support such an order. Defendant states he feels this was the result of bias on the part of the court.

It is defendant's apparent position that $190.00 child support payments, plus the $270.00 additional expense of his relationship with the last mentioned woman, or $460.00 per month, equals or exceeds his income of "about a hundred a week," and consequently there was no nonexempt income available or subject to the court's order. This position is not supported by the record in a positive manner. It is clear that defendant was hostile to the proceeding and particularly to questions by plaintiff's counsel, and at one point the trial court suggested a recess, which was had, to permit defendant's counsel to confer with defendant for the obvious purpose of cautioning defendant. The discrepancy between $175.00 total support payments, as reflected in the above described decrees, and the figure of $190.00 was explained by defendant as being due to increases made in the bastardy proceeding and in the first divorce decree. No written orders were submitted to substantiate this claimed increase. Furthermore there was no evidence introduced to show payment of any support money in the first divorce case or the status of that matter.

The bulk of the funds claimed exempt are those said to have been expended in connection with "a common law arrangement" had with the last woman, which was an expression in the nature of an opinion addressed to defendant by his attorney. Clearly this, standing alone, is insufficient to show a common-law marriage with a consequent obligation of support on the part of the defendant.

█ A common-law marriage requires competent parties, who enter relationship by mutual agreement, exclusive of all others, consummating arrangement by cohabitation and open assumption of other marital duties, and such relationship must be established by evidence that is clear and convincing. Maxfield v. Maxfield, Okl., 258 P.2d 915.

█ The trial court did not abuse its discretion in entering the order.

Defendant further contends that the above narrated portion of 12 O.S.Supp. 1965, § 850, is unconstitutional. Defendant argues it violates Art. 2, § 13, of the Okla-

homa Constitution, which provides that "Imprisonment for debt is prohibited, except for the non-payment of fines and penalties imposed for the violation of law."

██ Under the present circumstances the question of the constitutionality of the law is not one that this court is required to determine at this time. Defendant appealed directly from the order. He had not been cited for contempt for failure to make the payments and he was not about to be denied some right or privilege to which he was lawfully entitled.

██ This court will not pass upon the constitutionality of an act of the Legislature, nor of any of its provisions, until there is presented a proper case in which it is made to appear that the person complaining by reason thereof has been or is about to be denied some right or privilege to which he was lawfully entitled or who is about to be subjected to some of its burdens or penalties. Starner v. Oklahoma City, 205 Okl. 170, 236 P.2d 479. See also Thrasher v. Board of Governors, Okl., 359 P.2d 717, and Semke v. State ex rel. Okl. Motor Vehicle Com'n, Okl., 465 P.2d 441, 446.

The order of the trial court is affirmed.

All Justices concur.