Walter V. SMITH and Bervie A. Smith, Appellants,

v.

BOVAIRD SUPPLY COMPANY, a corporation, W. J. Bovaird, D. D. Bovaird, the Board of County Commissioners of Mayes County, State of Oklahoma and Ruth A. Ratcliff, Appellees.

No. 52358.

Supreme Court of Oklahoma.

Sept. 9, 1980.

Swanson & DoRemus by Gerald D. Swanson, Tulsa, for appellants.

T. H. Eskridge of Boesche, McDermott & Eskridge, Tulsa, Tony Jack Lyons of Lyons & Dean, Pryor, for appellees, The Bovaird Supply Co., W. J. Bovaird and D. D. Bovaird.

J. Duke Logan of Logan, Lowry & Johnston, Vinita, for appellee, Ruth A. Ratcliff.

DOOLIN, Justice:

Presented as the residual or remaining question in this case is whether a trial court may permanently enjoin an action of a landowner seeking a way of necessity or the right to prosecute such an action. We hold that under the circumstances of this case, a trial court may not issue such a sweeping and permanent injunction. See 27 O.S.1971 § 6 and Art. II § 23 of the Constitution of Oklahoma.

When the plaintiffs filed their petition in Mayes County, they alleged ownership of approximately three acres of land on the tip of a peninsula extending into the Lake of the Cherokees and surrounded on three sides by this body of water. The fourth side of the three–acre tract was bordered by lands owned by the defendant, W. J. Bovaird. W. J. Bovaird's lands were adjacent to and contiguous to lands owned by other Bovaird defendants.[1] Defendant Ratcliff owned premises separate from the Bovaird's but adjacent thereto and across

1. For our purposes the naming of the Board of County Commissioners to Mayes County is unimportant.

which all Bovairds had an easement or right to cross to gain entry to their own premises. Plaintiffs of necessity required access over Ratcliff land for entry to Bovaird lands.

Plaintiffs in their final amended petition contended they were entitled to exercise the right of eminent domain for they were entitled to a way of necessity across the lands of all defendants. They prayed the Court to appoint commissioners "in like manner as exercised by railroad companies."[2]

The trial court set the matter for hearing on whether the plaintiffs were entitled to exercise the power of eminent domain and to condemn a way of necessity. All defendants prior to hearing had filed motions, demurrers, answers, etc. challenging the plaintiff's right to a "way."

After plaintiffs had presented their evidence, all defendants demurred or moved for judgment, but before the Court had ruled on defendant's demurrers, the plaintiffs dismissed their cause of action without prejudice to future filing. 12 O.S.1971 § 683, First.

The record shows that the defendant Bovaird had filed a cross petition, praying that plaintiffs "be permanently enjoined and restrained from attempting by use of eminent domain or otherwise to take, use, occupy and enjoin any roadway on, over and across lands of these defendants." When the plaintiffs dismissed their action, the defendants moved for judgment on their cross petition and supported same by adopting the evidence of plaintiffs and the cross examination thereon. Trial court granted judgment for defendants, enjoining the plaintiffs permanently from asserting any other or further claim to a way of necessity and permanently enjoined the prosecution of any further action in the trial court or any other court to establish a way of necessity over and across lands of the defendant.

Plaintiffs appealed.

27 O.S.1971 § 6 and Art. II § 23 of the Constitution[3] indicates this state recognizes an individual has certain rights by virtue of such enactments as to a grant of the power of eminent domain. How then can a permanent injunction be issued enjoining and prohibiting an attempted application of a designated constitutional right? Generally speaking the basis for an injunction to restrain the application of a statute or ordinance is invalidity or unconstitutionality.[4]

Injunctions should not be granted, or should be granted only sparingly, against the enforcement of an allegedly invalid ordinance, resting on the state authority,

---

**2.** 27 O.S.1971 § 6: Private person or corporation—Eminent domain by.—

    Any private person, firm or corporation shall have power to exercise the right of eminent domain in like manner as railroad companies for private ways of necessity or for agriculture, mining and sanitary purposes.

    See also Art. II § 23 of the Oklahoma Constitution:

    Private property—Taking or damaging for private use.—

    No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law.

    This Court has not passed upon the precise question as to what rights are afforded to a "landlocked" owner of such premises and we do not find it necessary to decide such a controversy today. It is true that the Court of Appeals, Division 1, has labored in this field, see *Blankenship v. Bone*, 530 P.2d 578

(Okl.App.1975) and *Franks v. Tyler*, 531 P.2d 1067, cert. denied (Okl.App.1975). We do not grant or withhold precedent to such opinions by this reference.

    Suffice to say that easements of necessity, ways of necessity and rights at common law have been the subject of much litigation. See the discussion and cases cited in 28 CJS Easements § 35 and 25 Am.Jur.2d Easements § 34 et seq. Such texts further discuss the effect of statutory and constitutional provisions within state laws: See 26 Am.Jur.2d *Eminent Domain* § 47 for discussion and citations, also 30 CJS Eminent Domain § 34.

    There also remains open in Oklahoma, the question of proof of strict necessity or the more liberal doctrine of reasonable necessity as they apply to the rights of all interested parties. See in this connection the previously mentioned texts and their related citations.

**3.** See Footnote 2 ante.

**4.** *Starner v. Oklahoma City*, 205 Okl. 170, 236 P.2d 479 (1951).

when only the grounds of unconstitutionality is alleged. It is necessary that further circumstances be shown which bring the case within some clear grounds of equity before granting such relief.[5] The existence of an adequate remedy at law may likewise preclude issuance of an injunction.[6]

Appellant points out and argues that the enactments of the constitution and the statutes supply a remedy which is his only possible remedy, and a court has no power to restrict a statutory or constitutional remedy or right. We see the merit in this argument. It is obvious to us that the defendants are not entitled to injunctive relief against physical appropriation of, damage to or seizure of real property, for defendants are adequately protected by the tort remedies of trespass and conversion.

REVERSED, INJUNCTION DISSOLVED.

IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.

LAVENDER, C. J., and OPALA, J., dissent.

---

5. *Boise Artesian H & C Water Co. v. Boise City*, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 1796 (1908). See also the *Sunray Oil Co. v. Cortez Oil Co.*, 188 Okl. 690, 112 P.2d 792 (1941); *Stuart v. Titus*, 400 P.2d 797 (Okl.1965), as to the necessity of proof of irreparable injury.

6. *Aircraft and Diesel Equipment Corporation v. Hirsch*, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); *School District No. 37 Washita Co. v. Palmer*, 190 Okl. 620, 126 P.2d 280 (1942); *Mid–Continent Pipe Co. v. Emerson*, 396 P.2d 734 (Okl.1965) and *Powell Brisco, Inc. v. Peters*, 269 P.2d 787 (Okl.1954).