In the Matter of the ESTATE OF Henry J. PHIFER, Deceased.

Nos. 54027 and 55586.

Court of Appeals of Oklahoma, Division No. 2.

April 7, 1981.

Supplemental Opinion On Denial of Rehearing May 15, 1981.

Released for Publication by Order of Court of Appeals June 11, 1981.

Burke Mordy, Mordy, Clark & Hester, Inc., Ardmore, for appellant.

Gary Millspaugh, Arney & Millspaugh, Weatherford, for appellees.

BOYDSTON, Judge.

This is an appeal by Treva K. Walters, a/k/a Kay Walters from the district court's denial of her application to establish priority as the surviving spouse and heir of Henry Phifer. Ms. Walters filed the application for the purpose of contesting the appointment of Valerie Joe Phifer, now Dickenson, as administratrix of the estate of Henry Phifer.

Ms. Walters claimed to be the common law wife of the deceased physician. The trial court, after hearing the evidence, ruled she had failed to carry her burden of proof and denied her application.

 In a case of this nature, this court on appeal is required to weigh all the evidence and unless the judgment is clearly against the weight of the evidence, to uphold the decision of the trial court.[1] Further, the burden of proof in this instance is upon Ms. Walters to establish the existence of a common law marriage[2] and under Oklahoma law that burden must be met by "clear and convincing evidence."[3]

 The party asserting a common law marriage must prove the following elements:

(1) an actual and mutual agreement between the spouses to be husband and wife;[4]

(2) a permanent relationship;[5]

(3) an exclusive relationship;[6]

(4) cohabitation as man and wife;[7]

(5) the parties to the marriage must hold themselves out publicly as husband and wife.[8]

 It is the function of this court to carefully scrutinize and weigh the evidence in order to determine if these points were proven in the case at bar. After a careful review, we conclude the trial court's decision was correct and is not clearly against the weight of the evidence.

Ms. Walters' strongest evidence consisted of three or four witnesses who testified that on several occasions deceased had referred to her as his wife. Even though such may have been the case, isolated instances are not sufficient to establish a community-wide reputation that they were a married couple. Ms. Walters only testified to three instances where deceased had specifically held her our publicly or introduced her as his wife. She testified to his having introduced her as "Kay Phifer" at medical conventions and further testified her name tag read "Kay Phifer" instead of Kay Walters. We hold this is equivocal evidence which is not necessarily conclusive because of the social-professional ramifications inherent in these gatherings.

Ms. Dickenson established that the Dr. and Ms. Walters were separated from time to time, particularly during the summer of 1978, at which time Ms. Walters returned to Texas with her two children for a period of several months.

Ms. Dickenson offered must more conclusive evidence from the testimony of tax accountants, deceased's office employees, business associates and members of the community which directly contradicted the claimed marriage.[9] This was further substantiated by the admission of recently executed mortgages and deeds.

Rather, it is apparent from a fair reading of the record that the deceased never considered himself married and indeed took great pains not to leave that impression

1. *Briggs v. Sarkeys, Inc.*, Okl., 418 P.2d 620 (1966).

2. *Quinton v. Webb*, 207 Okl. 133, 248 P.2d 586 (1952).

3. *Maxfield v. Maxfield*, Okl., 258 P.2d 915 (1953).

4. *Vann v. Vann*, 186 Okl. 42, 96 P.2d 76 (1939).

5. *Marshall v. State*, Okl.Cr., 537 P.2d 423 (1975).

6. *Rath v. Maness*, Okl., 470 P.2d 1011 (1970).

7. *In Re Miller's Estate*, 182 Okl. 534, 78 P.2d 819 (1938); *Quinton v. Webb*, supra, footnote 2.

8. *Red Eagle v. Cannon*, 201 Okl. 511, 208 P.2d 557 (1949); *In Re Trope's Estate*, 190 Okl. 453, 124 P.2d 733 (1942).

9. There is ample documentary evidence that the deceased considered himself to be an unmarried man right up to the time of his death. These included income tax returns, mortgages, loan applications and deeds. Further, evidence was offered that Ms. Walters had recently applied for and obtained a beer license while residing in deceased's home, in the name of Kay Walters, that she maintained her own separate bank account, that she never had a joint bank account with the doctor nor had she been included in any of the transactions in which a wife would normally participate.

from both a private and business standpoint.

In fact Ms. Walters testified that this was a deliberately established course of conduct between them.

Under these circumstances we find Ms. Walters failed to prove by clear and convincing evidence that the claimed "marriage" had in fact been agreed to, consummated and adhered to during the four or five years in which she apparently resided under the same roof with the doctor on a part time basis.

We therefore affirm the decision of the trial court and tax costs of this appeal to Ms. Walters.

BACON, P. J., and BRIGHTMIRE, J., concur.

### SUPPLEMENTAL OPINION ON REHEARING

In her petition for rehearing, Appellant correctly states this court failed to specifically address whether a new trial should have been granted on the basis of newly discovered evidence.

We find the evidence presented in support of Appellant's motion for new trial was cumulative and could have been discovered before trial by the exercise of due diligence and was in fact within the knowledge of Appellant at time of trial. It added nothing to the "totality of the evidence" such as to require the trial judge to change his original decision.

Appellant's petition for rehearing is denied.

BACON, P. J., and BRIGHTMIRE, J., concur.