**1048**

In the Matter of the Petition of William BUXTON for Appointment as Guardian of the property of Lindsay Suzanne Wilson and Matthew Murdock Wilson, minors, Appellant,

v.

In the Matter of the Petition of George Howard WILSON, II to be appointed Guardian of Lindsay Suzanne Wilson and Matthew Murdock Wilson, Appellee.

No. 54782.

Supreme Court of Oklahoma.

Nov. 23, 1982.

Stephen Jones, James Craig Dodd, Jones & Gungoll, Enid, for appellant.

Owen D. Wilson, Wilson & Wilson, Enid, for appellee.

LAVENDER, Justice:

The issue here presented is whether the natural father of two children, age eight and two respectively, has a preferential right to be appointed guardian of the property of the siblings where the father is shown to be competent to transact his own business, and not otherwise unsuitable or disqualified under existing law to serve as guardian, as against the claim to appointment as guardian of the testamentary designee specified in the deceased mother of the siblings' last will and testament.

The children were born of the marriage between George H. Wilson II and Linda Murdock Wilson. The parties were divorced on October 24, 1978, and Linda was awarded custody of the children with visitation rights granted to George. Linda died on July 8, 1979, as a result of a vehicle accident.

Linda's last will and testament dated October 19, 1978, and a codicil to the will dated March 29, 1979, were admitted to probate in the District Court of Garfield County, Oklahoma, and her first cousin William B. Buxton was appointed Executor.

On July 13, 1979, Buxton filed a petition for his appointment as testamentary guardian of the estate of the children.

George filed a petition on July 16, 1979, seeking his appointment of both the persons and estates of his children. The cases were consolidated by the trial judge, and on hear-

ing held on January 15, 1980, the court below denied Buxton's petition and appointed George guardian of both the persons and estates of the children. George qualified with both his oath and a corporate surety bond and was issued letters of guardianship on January 17, 1980, and has served as guardian since that time. Buxton appeals.

The purported testamentary appointment is set forth in Linda's will in the following language:

"In the event I am not married to George H. Wilson II at the time of my death, I hereby appoint William B. Buxton as Guardian of the persons (and of the property, if necessary) of my children who have not yet reached majority, waiving any bond whatsoever for him ...."

Linda left a substantial estate and there is a substantial expectancy which will come to the children as a result of trusts from the maternal side of the children's family.

There is no issue raised with reference to George's appointment as guardian of the persons of the children. It is only his appointment as guardian of the estates of the children that is here challenged.

Buxton first challenges the constitutionality of 30 O.S.1971, § 6,[1] alleging an impermissible gender-based discrimination therein. However, since the children are unquestionably legitimate, and since the consent of the father of the children to the purported testamentary appointment by the mother was not given, neither a benefit nor a detriment inures to Buxton from the wording of the statute, and he therefore is not in a position to raise the question of the statute's constitutionality.[2]

We find 58 O.S.1971, § 769 to be determinative of the issue as to the surviving parent's prior right to be appointed guardian of the estates of his or her minor children. And since the evidence before the trial court undisputably establishes that he is "competent to transact his ... own business, and (is) not otherwise unsuitable or disqualified under existing law," the court below correctly concluded that George has a prior right to be appointed guardian of his children's estates.

Since 1909, Oklahoma statutes have recognized the distinction between guardians of the persons and guardians of the estates of minors.[3] Cases and statutes cited by appellant pertaining to the appointment of guardians of the persons of minors wherein paramount consideration is given to the welfare of the child are not applicable here for the reason that the temporal, moral, and physical needs of the child which are indigenous to guardianship of a child's person do not necessarily apply to the position of guardianship of a child's estate. Neither is it necessary to weigh the relative business acumen of the father as compared with the deceased mother's nominee here, since the father has met the statutory requirements prescribed as a condition to his appointment. The business affairs remain under the jurisdictional supervision of the appointing court, and the manner in which the estate is invested is prescribed by statute, with compliance assured by the guardian's bond.

Having determined that George has a preferential right to be appointed guardian of the estates of the children and that he has met the statutory requirements therefor, we must reject the contention by appellant that Linda's ineffectual attempt to make a testamentary appointment of Buxton as guardian of the estates of the chil-

---

1. 30 O.S.1971, § 6 provides:

"A guardian of the person or estate, or of both, of a child born, or likely to be born, may be appointed by will or by deed, to take effect upon the death of the parent appointing:

"1. If the child be legitimate, by the father, with the written consent of the mother, or by either parent, if the other be dead or incapable of consent.

"2. If the child be illegitimate, by the mother."

2. *Dablemont v. State Dept. of Public Safety*, Okl., 543 P.2d 563 (1975), *Bradbury v. Oklahoma State Board of Chiropody*, Okl., 490 P.2d 246 (1971); *In re Mayes-Rogers Counties Conservancy Dist. Formation*, Okl., 386 P.2d 150 (1963); *Starner v. Oklahoma City*, 205 Okl. 170, 236 P.2d 479 (1951).

3. 30 O.S.1971, §§ 1 through 5.

dren, or that the great bulk of the children's estates came from the maternal side of the family, impels this Court to impose a trust upon the estates with Buxton as trustee thereof. That Linda might have effected such an arrangement through a trust or by some other means is academic. The means employed was that of an ineffectual testamentary appointment of a guardian of the children's estates which must defer to George's prior right as the qualified father of the children to the appointment.

Appellant's final claim of error in that the trial court's passing reference in announcing his decision that Linda's testamentary designation may have been "spiteful" as against her former husband when unsupported by the evidence demonstrates a personal prejudice against her by the trial judge is without merit. Under the law and the facts before it, the trial court had no alternative other than the appointment of the father as guardian of the estates of the children. Linda's motive in attempting the testamentary appointment of a guardian was not material to the issues in the cause.

The judgment of the court below is affirmed.

All of the Justices concur.