1998 OK CIV APP 112

### In the Matter of the DEATH OF Bill David BOYD.

### Tammy T. BOYD, Petitioner,

v.

### MONSEY CONSTRUCTION COMPANY, and The Worker's Compensation Court, Respondents.

### No. 90392.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 15, 1998.

Certiorari Denied July 8, 1998.

---

Michael E. Utter, Oklahoma City, for Petitioner.

Donald A. Bullard, Steven E. Hanna, Oklahoma City, for Respondents.

## OPINION

CARL B. JONES, Vice Chief Judge:

¶1 Petitioner, Tammy Boyd, filed a claim before the Workers Compensation Court for benefits resulting from the death of her husband in a work-related accident. That claim lead to an award of death benefits on April 24, 1990, and continuing weekly payments at a rate of $173.58. These benefits continued until October 9, 1996, when they were terminated pursuant to an agreement between the parties, which is not reflected by the record, but noted by the Respondent in its brief.

¶2 This proceeding to terminate death benefits was filed on August 23, 1996, by Respondent asking for repayment of less than a week's benefits and termination of further payments by reason of a remarriage. Claimant sought a determination that the benefits were properly payable and she is thus entitled to accrued benefits plus interest. When the cause proceeded to trial, the trial judge found the Respondent had met its burden of proof that Claimant had entered into a common-law marriage and awarded Respondent credit for an overpayment of death benefits equivalent to six days benefit. The trial judge additionally found the Claimant and Carlos Mahoney not to be credible witnesses on the issue of their common-law marriage because of their obvious bias and motivation to deceive the Respondent. The matter was appealed to a three-judge panel. The panel unanimously affirmed the trial court's conclusion that Claimant had entered into a common-law marriage. Claimant then brought this review proceeding.

¶3 More precisely, the trial judge found that Claimant "knowingly entered into a Declaration of Common Law Marriage on October 3, 1992." The declaration came into being as a result of Claimant's cohabitation with Carlos Mahoney in 1992, and Claimant's ensuing pregnancy in the fall. The two of them executed an affidavit of common-law marriage to cover the impending birth of their child under Mr. Mahoney's health insurance with Halliburton Services which was notarized.[1] Claimant testified she under-

1. The declaration reads:
    We, the undersigned, on or about 3rd October 92 ("Marriage Date") agreed to be married, and since that date, we have lived together continuously as husband and wife and represented ourselves to others and developed a reputation as husband and wife. Furthermore we certify that:

    1. Since thirty (30) days prior to the Marriage Date and at all times thereafter, neither of us have been married (either by ceremony or common law) to any other person;
    2. We are not related as ancestors or descendants, or as brother, sister, nephew, niece, aunt or uncle;
    3. Each of us is the required age; and

stood that, in the document, she attested to the fact that the information provided therein was true and correct, and the information was to be relied upon by others. She testified she lives with Mr. Mahoney; pays no rent; cares for their child and his child from a previous marriage; and, has assumed household duties for the children. She also testified they own a house, which is rented, and title is in both their names, as single people, although the house in which they live is in Mr. Mahoney's name only. Claimant has a life insurance policy which lists Mr. Mahoney as the primary beneficiary and the above-mentioned children as contingent beneficiaries. Lastly, Claimant admitted in testimony that she and Mr. Mahoney had been introduced as husband and wife.

¶ 4 Claimant proposes error exists in this cause because the affidavit above-mentioned is insufficient to establish a common law marriage,[2] and thus, there is no competent evidence to support the decision of the trial court (and presumably the three-judge panel). We hold the affidavit is competent evidence from which the lower court could find written proof of actual and mutual agreement between the parties to be husband and wife, which satisfies one of the criteria for determination that a common-law marriage existed between the parties. The Petitioner cites *Matter of the Estate of Stinchcomb*, 1983 OK 120, 674 P.2d 26, and *Matter of Phifer's Estate*, 1981 OK CIV APP 21, 629 P.2d 808, to the effect that a party asserting a common-law marriage must prove the following elements by clear and convincing evidence: an actual and mutual agreement between the spouses to be husband and wife; a permanent relationship; an

exclusive relationship, proved by cohabitation as man and wife; and the parties to the marriage must hold themselves out publicly as husband and wife. As previously noted, the affidavit is evidence which is sufficient to establish actual and mutual agreement of the parties. Competent evidence, sufficient to show the permanency of the relationship, is established by the admitted fact that the two are still living together as above noted. Competent evidence of cohabitation is shown by the above-detailed facts and by the parties' issue. Competent evidence of the public nature of this mutual consent is also demonstrated by Claimant's testimony in which she admitted other persons had introduced them as husband and wife. While the third party introductions will not establish these two individuals' mutual agreement, it does go to prove the public perceived them to have held themselves out to be married. Evidence in the record from which the trial court could have reached a different conclusion[3] does not warrant a reversal of the trial court, as such is without legal effect in the appellate review process. *Darco Transportation v. Dulen*, 1996 OK 50, 922 P.2d 591. Consequently, the finding made below that Respondent had met its burden of proof to show the existence of a common law marriage is supported by competent evidence, and thus must be, under the guidelines contained in *Parks v. Municipal Hospital*, 1984 OK 53, 684 P.2d 548, sustained.

¶ 5 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.

---

4. We have met all requirements under any applicable state law and there are no impediments under applicable state law to this Common Law Marriage.

We acknowledge that Halliburton Company will rely upon this Declaration in determining eligibility for certain benefits under its Employee Benefit Plan. We certify that the information contained in this Declaration is true and correct in all respects and that we will notify the Company immediately of any change to the information contained herein.

IN WITNESS WHEREOF, We have executed this Declaration of Common Law Marriage as of the 3rd day of October 92.
/s/Carlos Mahoney
/s/Tammy Boyd
[Following this is a notary's certificate]

2. At this time this Court is not faced with the question of whether or not the affidavit by itself requires a finding that a common law marriage existed, nor do we express an opinion on the subject.

3. The evidence the trial court discounted as not credible because of interest and bias.